UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VASILIO KOUTSOGIANNIS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>OCEAN COUNTY DEPT. OF<br>CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 15-8331 (MAS)<br><br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Vasilio Koutsogiannis, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

　　　　Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

　　　　The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full

$400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Plaintiff fails to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a). Specifically, Plaintiff fails to submit a proper six-month prison account statement. Plaintiff submits an account statement dating from May 14, 2014 to July 22, 2015, and certified by a prison official on August 1, 2015, while the Complaint was filed on November 30, 2015, and dated October 26, 2015. This does not satisfy the statutory requirement that Plaintiff must submit a six-month statement for the period *immediately preceding* the filing of the Complaint. Assuming Plaintiff actually mailed his Complaint on October 26, 2015, Plaintiff was required to submit an account statement dating from April 25, 2015 to October 25, 2015.

IT IS therefore on this \_\_\_1st\_\_\_ day of \_\_December\_\_, 2015;

ORDERED that Plaintiff's request to proceed *in forma pauperis* is hereby DENIED WITHOUT PREJUDICE; it is further

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); it is further

ORDERED that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
Michael A. Shipp, U.S.D.J.