**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VASILIO KOUTSOGIANNIS, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN COUNTY DEPT. OF CORRECTIONS, et al., <br><br> Defendants. | Civil Action No. 15-8331 (MAS) <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Vasilio Koutsogiannis, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Plaintiff's initial IFP application, due to his failure to submit a proper six-month account statement. (*See* Order 2, Dec. 2, 2015, ECF No. 2.) Presently before the Court is Plaintiff's second IFP application.

In the Court's previous order, the Court informed Plaintiff that "Plaintiff [is] required to submit an account statement dating from April 25, 2015 to October 25, 2015[,]" based on the fact that the Complaint was dated October 26, 2015. (*Id.*); *see* 28 U.S.C. § 1915(a)(2) (a prisoner seeking in forma pauperis status shall "submit a certified copy of the trust fund statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint"). In the instant application, Plaintiff submitted an account statement dating from July 6, 2015 to January 6, 2016, (*see* Pl.'s Second Appl. 7, ECF No. 5), which neither satisfies the statutory requirement nor complies with the Court's previous order. Nevertheless, regardless of the procedural defects, the account statement also shows that in the six-month period addressed by the statement, Plaintiff

received an income of $1,341.60, mostly from outside sources, which Plaintiff admits are from his family. (*Id.* at 3.) This amounts to an income of $223.60 per month.

In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* Here, Plaintiff's income is more than twice of the $95/month threshold established in *Shahin*, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison. Although the Court understands that Plaintiff may need some money for minor necessities such as toiletries, (*see* Pl.'s Second Appl. 3), Plaintiff does not need $223.60 a month for such expenses. Like the plaintiff in *Shahin*, Plaintiff may have to save up for two or three months in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124.

**IT IS** therefore on this \_\_26th\_\_ day of \_\_January\_\_, 2016,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis*, ECF No. 5, is hereby **DENIED**; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
Michael A. Shipp, U.S.D.J.